UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CAROL DUNLAP,<br><br>               Plaintiff,<br>v.<br>WELLS FARGO FINANCIAL, et al.,<br><br>               Defendants. | Case No. 2:17-cv-00097-RFB-PAL<br><br>**ORDER**<br><br>(Mot. to Seal – ECF No. 28) |

      This matter is before the court on Plaintiff Carol Dunlap's Motion to Seal (ECF No. 28). This Motion is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice. On August 10, 2017, the court held a hearing on Ms. Dunlap's Motion to Compel (ECF No. 27) and Motion to Seal (ECF No. 28). Present was Matthew Knepper on behalf of Plaintiff, and Jordan Arakawa on behalf of Defendant Experian Information Solutions, Inc. ("Experian"). The court has considered the Motion, Experian's Response (ECF No. 32), and the arguments of counsel at the hearing.

      The Motion seeks leave to file under seal certain documents and exhibits referenced in the filings related to Dunlap's Motion to Compel (ECF No. 25). *See* Pl.'s Sealed Mot. (ECF No. 27) (attaching Exhibit A (ECF No. 27-1), Exhibit 1 (ECF No. 27-2), Exhibit 2 (ECF No. 27-3), Exhibit 3 (ECF No. 27-4), Exhibit 4 (ECF No. 27-5), Exhibit 5 (ECF No. 27-6), Exhibit 6 (ECF No. 27-7), Exhibit 7 (ECF No.27-8 ), Exhibit 8 (ECF No. 27-9), Exhibit 9 (ECF No. 27-10), Exhibit 10 (ECF No. 27-11), Exhibit 11 (ECF No. 27-12), Exhibit 12 (ECF No. 27-13), Exhibit 13 (ECF No. 27-14), Exhibit 14 (ECF No. 27-15), Exhibit 15 (ECF No. 27-16), Exhibit 16 (ECF No. 27-17)). Ms. Dunlap seeks leave to file the unredacted documents under seal based on her obligation pursuant to the Protective Order (ECF No. 12) entered in this case governing confidentiality.

The motion to seal states that Dunlap does not endorse a "categorical protection" for all of the documents Experian has produced in discovery. *See* Mot. to Seal (ECF No. 28) at 2. However, Ms. Dunlap acknowledges that some of the documents contain unique identifiers such as full financial account numbers and social security numbers, and these "have little relevance to prosecution of the case, and a potential for great harm if widely disseminated." *Id*.

Pursuant to LR IC 6-1 of the Local Rules of Practice, parties "must refrain from including—or must partially redact, where inclusion is necessary—the following personal-data identifiers from all documents filed with the court, including exhibits, whether filed electronically or in paper, unless the court orders otherwise": (1) social security numbers, (2) full names of minor children, (3) dates of birth, (4) financial account numbers, (5) home addresses, and (6) tax identification numbers. LR IC 6-1(a); *see also* Fed. R. Civ. P. 5.2.

Ms. Dunlap does not specifically identify which exhibits to her Sealed Motion to Compel contain personal data identifiers, and none of the exhibits are redacted to protect her personal data identifiers. Nevertheless, the court's review of the exhibits reveals that Exhibit 2 (ECF No. 27-3) and Exhibit 4 (ECF No. 27-5) contain her personal data identifiers. Redactions are not practical for these documents and would leave meaningful information available to the public. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003); *In re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 425 (9th Cir. 2011). The disclosure of Ms. Dunlap's personal data identifiers may result in particularized harm; thus, the court finds good cause for Exhibits 2 and 4 to be sealed.

In its Response (ECF No. 32), Defendant Experian requests that the unredacted version of Dunlap's Motion to Compel and Exhibits 5, 6, and 14 remain under seal. Experian also submits redacted versions of Exhibits 3 and 8 for the public record. *See* Redacted Exhibit 3 (ECF No. 32-4); Redacted Exhibit 8 (ECF No. 32-3). Experian provides a particularized showing why the unredacted Motion to Compel along with its Exhibits 3, 5, 6, 8, and 14 should remain under seal.

Having reviewed and considered the matter in accordance with the Ninth Circuit's directives set forth in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), and its progeny, the court finds that the parties have met their burden of establishing good cause

for the unredacted Motion to Compel and Exhibits 2, 3, 4, 5, 6, 8, and 14 to remain sealed. The parties have narrowly tailored the sealing requests to the extent possible by filing redacted versions of the underlying motion as well as Exhibits 3 and 8. *See* Pls.' Redacted Mot. (ECF No. 25); Redacted Exhibit 3 (ECF No. 32-4); Redacted Exhibit 8 (ECF No. 32-3). However, no party offered particularized showing for sealing Exhibits A, 1, 7, 9, 10, 11, 12, 13, 15, or 16, which are the parties' written discovery requests and correspondence. A blanket protective order is not sufficient to permit the filing of these documents under seal.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff Carol Dunlap's Motion to Seal (ECF No. 28) is **GRANTED IN PART AND DENIED IN PART**.

2. The unredacted Motion to Compel (ECF No. 27), Exhibit 2 (ECF No. 27-3), Exhibit 3 (ECF No. 27-4), Exhibit 4 (ECF No. 27-5), Exhibit 5 (ECF No. 27-6), Exhibit 6 (ECF No. 27-7), Exhibit 8 (ECF No. 27-9), and Exhibit 14 (ECF No. 27-15) shall remain under seal.

3. The Clerk of the Court shall **UNSEAL** Exhibit A (ECF No. 27-1), Exhibit 1 (ECF No. 27-2), Exhibit 7 (ECF No.27-8), Exhibit 9 (ECF No. 27-10), Exhibit 10 (ECF No. 27-11), Exhibit 11 (ECF No. 27-12), Exhibit 12 (ECF No. 27-13), Exhibit 13 (ECF No. 27-14), Exhibit 15 (ECF No. 27-16), and Exhibit 16 (ECF No. 27-17).

Dated this 22nd day of August, 2017.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE